(No. 32242.—

THE PEOPLE *ex rel.* Lester Heard, Jr., Appellant, *vs.* JOHN E. BABB, Sheriff, Appellee.

*Opinion filed May 22, 1952—Rehearing denied September 15, 1952.*

Edward J. Fruchtman, of Chicago, for appellant.

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, William J. McGah, Jr., and James V. Cunningham, all of Chicago, of counsel,) for the People.

Mr. Justice Crampton delivered the opinion of the court:

Lester Heard, Jr., was apprehended as a fugitive from justice by authority of a Governor's warrant issued upon the request of the Governor of Tennessee. The sheriff produced him before the criminal court of Cook County, and Heard then filed a petition in that court for a writ of *habeas corpus*. He alleged, among other things, that he was not a fugitive from justice, and that the agent of the demanding State had not appeared to receive him within thirty days from the date of his arrest. The sheriff subsequently filed his return to the petition, and, after a hearing, an order was entered quashing the writ and remanding Heard to the custody of the sheriff. He appeals to this court.

It appears from the record that appellant, a negro, was convicted in Tennessee for the crime of involuntary manslaughter, and was sentenced to imprisonment for a term of six months. During the pendency of a motion for new trial in the case, appellant, who was free on bail, was informed by fellow employees at his place of employment that a mob had formed for the purpose of lynching him. He thereupon left Tennessee and came to Chicago, where the present arrest was made. At the hearing on the petition his wife testified that after his departure she moved

to the house of her brother-in-law; and that while she was there "two carloads of people" came and remained outside the house every day for about a week.

Appellant contends that in view of the circumstances of his departure from Tennessee he cannot be regarded as a fugitive from the justice of that State. He argues that he was coerced into leaving Tennessee by the threat of violence at the hands of an unlawful mob; that his departure was therefore an involuntary one; and that one who is compelled to leave a State is not a fugitive from justice. The answer to this contention is that appellant was not compelled to leave Tennessee against his will, as in cases where a prisoner is taken out of a State by compulsion of legal process. On the contrary, his departure was obviously by his own voluntary act. His fear of lynching does not change the nature of the act, but merely constitutes the motive therefor. The law is well settled that the reason or motive of a person who, after committing a crime, leaves the State and is apprehended in another jurisdiction, is immaterial. Whatever his reason may have been for going into the asylum State, he is regarded in law as a fugitive from the justice of the demanding State. (See *People ex rel. McFadden* v. *Meyering,* 358 Ill. 442.) Even if it were proved that danger of mob violence still existed at the time of appellant's apprehension in Illinois, this would not justify the court in ordering his release. The duty to protect him from violence rests upon the officials of the State of Tennessee, and it will be presumed that this duty will be performed. (See *Ople* v. *Weinbrenner,* 285 Mo. 365, 226 S.W. 256.) Appellant is clearly a fugitive from justice.

He next asserts that Tennessee's agents did not appear in Illinois to receive him until more than thirty days after his arrest, and contends that under the Federal extradition laws he is therefore entitled to be discharged. The statute in question (U.S. Code, title 18, sec. 3182,) provides as

follows: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged." Appellant was first arrested by Chicago police on March 16, 1951. The arrest was made on a fugitive warrant, pursuant to an informal request by the police authorities of Knoxville, Tennessee. Thereafter, on April 18, the Governor of Tennessee formally requested the Governor of Illinois to issue an extradition warrant. A hearing was had before the Governor on April 30, at which time agents of the demanding State were present. After some correspondence with the Governor of Tennessee, the Governor of Illinois, on July 24, issued the extradition warrant for appellant's arrest. The present petition for writ of *habeas corpus* was filed a week later.

Appellant urges, without argument or citation of authority, that, as the Tennessee agents did not appear within thirty days after his original arrest on March 16, he is entitled to be released under the provisions of the Federal statute. The position cannot be sustained. It is true, the statutue provides that the prisoner may be discharged if no agent appears within thirty days from the time of the

arrest. But examination of the statutory language reveals that the arrest referred to is the arrest caused by the executive authority of the asylum State, after formal demand in compliance with the statute has been made by the Governor of the State from which the prisoner has fled. Until such arrest is made no notice is given to the Governor of the demanding State, and no delivery of the fugitive is contemplated by the statute. In the present case the arrest on March 16 was made prior to formal demand by the Governor of Tennessee or the issuance of an extradition warrant by the Governor of Illinois. It is not, therefore, the arrest contemplated by the Federal statute in computing the period after which the prisoner may be discharged.

Appellant has failed to prove he is entitled to be discharged. The order of the criminal court of Cook County is affirmed.

*Order affirmed.*