17468

Ex parte Bobby Gene BOLTON, Appellant, v. George Bell TIMMER-MAN, Jr., Governor of S. C., *et al.,* Respondents

(105 S. E. (2d) 518)

430

*Ryan L. Scott, Esq.,* of Columbia, *for Appellant,* █

*Messrs. T. C. Callison, Attorney General,* and *James S. Verner, Assistant Attorney General,* of Columbia, *for Respondents,* █

Oct. 29, 1958.

Legge, Justice.

On April 26, 1958, appellant was arrested in Richland County, South Carolina, on a fugitive warrant based upon information received from the sheriff of Howell County, Missouri, charging that appellant had committed a felony in that State. On the same day, he filed bond for his appearance before the Governor of South Carolina if and when extradition papers should be received from the Governor of Missouri; and he was thereupon released from custody. Twenty-three days thereafter, to wit: on May 19, extradition papers not having been received by the Governor, appellant petitioned the Judge of the Richland County Court "that he be released absolutely and liberated, and that the extradition efforts of the State of Missouri be declared abandoned." By their return to this petition, the Governor of South Carolina and the Sheriff of Richland County alleged that the extradition papers had been received by the Governor on May 23, the delay in their issuance having been due to the absence of the Governor of Missouri from his State on official business. The matter was heard by the Judge of the Richland County Court on May 26, 1958, at which time the extradition papers before mentioned were exhibited; and on the same day he issued his order denying the petition. From that order comes the present appeal.

Here, as in the lower court, appellant bases his claim for relief upon Section 17-201 of the 1952 Code, which reads as follows:

"Any officer in the State authorized by law to issue warrants for the arrest of any person charged with crime shall, on satisfactory information laid before him under the oath of any credible person that any fugitive in the State has committed, out of the State and within any other state, any offense which by the law of the state in which the offense was committed is punishable either capitally or by imprisonment for one year or upwards in any state prison, issue a warrant

for such fugitive and commit him to any jail within the State for the space of twenty days, unless sooner demanded by the public authorities of the state wherein the offense may have been committed, agreeable to the act of Congress in that case made and provided. If no demand be made within such time the fugitive shall be liberated, unless sufficient cause be shown to the contrary. Nothing herein contained shall be construed to deprive any person so arrested of the right to release on bail as in cases of similar character of offenses against the laws of this State."

He contends that, since his return to Missouri was not demanded by the Governor of that State during the twenty-day period following his arrest, Section 17-201 entitles him to an order: (1) releasing him absolutely, *i. e.*, discharging his bail; and (2) declaring that Missouri has abandoned her "extradition efforts."

The first of these contentions is, in our opinion, without merit. Our statute was intended to prevent unreasonably long confinement of a fugitive pending receipt of demand for his extradition. The context clearly indicates that the "liberation" referred to is liberation from jail.

As to the other, we note in the first place that no adjudication of Missouri's rights with respect to extradition of the appellant could be made in this cause, for the simple reason that she is not a party. Moreover, the right of the executive authority of one State to demand of the executive authority of another State the return of a fugitive from its justice is controlled not by the laws of the asylum State, but by Article IV, Section 2, Clause 2 of the Federal Constitution, as implemented by the Act of Congress (U. S. C. A., Title 18, Section 3182). *State of South Carolina v. Bailey,* 289 U. S. 412, 53 S. Ct. 667, 77 L. Ed. 1292. Section 17-201 of the South Carolina Code cannot, and does not purport to, abridge that right; it deals only with the issuance of a fugitive warrant, and arrest and detention

thereunder, prior to action by the demanding State pursuant to Federal law.

The Federal statute has no application here. *People ex rel. Heard v. Babb,* 412 Ill. 507, 107 N. E. (2d) 740. The thirty-day period after which, under it, "the prisoner may be discharged," begins to run from the date of his arrest under extradition warrant issued by the Governor of the asylum State upon demand of the Governor of the State wherein it is charged that the offense was committed. No such arrest is disclosed by the record here.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.