*In re* ALBERT L. WHITE.

1. EXTRADITION—COMMITMENT WITHOUT WARRANT OF GOVERNOR—
   NUMBER OF COMMITMENTS.

   Commitment of accused, arrested without warrant of governor
   as a fugitive from another State, may, in the event bail is not
   posted, be to the custody of the county sheriff for a period of
   30 days and, then, for *one* additional period which is not to
   exceed 60 days (CL 1948, § 780.16).

2. SAME—THREE COMMITMENTS OF ACCUSED.

   Accused, who was committed 3 different times, to the custody of
   the county sheriff, for a period of 30 days each *held*, unlawfully
   detained as the statute provides for a maximum of 2 commit-
   ments (CL 1948, §§ 780.14, 780.16).

3. HABEAS CORPUS—UNLAWFUL COMMITMENT UNDER EXTRADITION
   STATUTE.

   Habeas corpus will lie to discharge an accused who was unlawfully
   committed, as a fugitive from another State, to the custody of
   the county sheriff under the extradition statute (CL 1948,
   §§ 780.14, 780.16).

Albert L. White presented a complaint for habeas
corpus against the sheriff of St. Clair county after
Streeter (Halford I.), J., had committed him to
jail for a third time to await extradition to Missouri.
On motion to show cause, writ issued. Submitted
Division 2 February 9, 1966, at Detroit. (Docket
No. 1,762.) Defendant ordered discharged February
9, 1966. Opinion filed March 9, 1966.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 22 Am Jur, Extradition § 51.
[3] 22 Am Jur, Extradition §§ 54, 55; 25 Am Jur Habeas Corpus
    § 67 *et seq.*
Determination, in extradition proceedings, or on habeas corpus in
such proceedings, whether a crime is charged. 40 ALR2d 1151.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *J. T. Corden,* Prosecuting Attorney, and *John G. Cummings,* Assistant Prosecuting Attorney, for the people.

*James M. Kelly,* for Albert L. White.

J. H. GILLIS, P. J.   On December 3, 1965, pursuant to a telephone call from the State of Missouri, the Memphis, Michigan, police department arrested defendant herein as a fugitive from the State of Missouri.

On Monday, December 6, 1965, the defendant was arraigned on a fugitive warrant before a justice of the peace in Port Huron township. The defendant waived examination and was bound over to the St. Clair county circuit court. Later that same day defendant appeared before the circuit judge and pursuant to CL 1948, § 780.14 (Stat Ann 1954 Rev § 28.1285[14]) defendant was committed to the county jail for 30 days, the defendant having been unable to post a $2,000 bond set by the court.

On January 4, 1966, defendant's counsel appeared before the St. Clair county circuit court and requested his release. The court denied the motion and recommitted defendant for an additional 30 days pursuant to CL 1948, § 780.16 (Stat Ann 1954 Rev § 28.1285[16]), which provides:

"If the accused is not arrested under warrant of the governor by the expiration of the time specified in the warrant or bond, a judge or magistrate may discharge him or may recommit him for a further period not to exceed 60 days, or a judge or magistrate judge may again take bail for his appearance and surrender, as provided in section 15, but within a period not to exceed 60 days after the date of such new bond."

On February 3, 1966, defendant's attorney again appeared before the circuit court and requested the release of defendant. The court denied the motion and recommitted the defendant for a third 30-day period, defendant again being unable to post the required bond. Defendant's counsel contended that CL 1948, § 780.16 (Stat Ann 1954 Rev § 28.1285[16]) did not authorize the third commitment and argued that while the court could have committed defendant to jail for a period of 60 days on his second appearance before the circuit judge, section 16 did not authorize two 30-day jail sentences.

Defendant then secured a writ of habeas corpus in this Court directing the sheriff of St. Clair county to make return at a hearing conducted by this Court. The St. Clair county prosecuting attorney's office appeared representing the sheriff of said county and, in answer, contended that the circuit court had the authority under section 16 to recommit the defendant inasmuch as the total commitment period did not exceed 90 days. The prosecutor further contended that the court has no limitation on the number of commitments it may issue as long as the aggregate number of days does not exceed the maximum authorized by section 16.

This Court holds that the use of the article "a" appearing in the phrase "a further period" authorized the lower court to recommit *one* time while awaiting the execution of the governor's warrant. It is interesting to note that the New York version of the uniform criminal extradition act has clarified this situation by authorizing several commitments as long as the aggregate does not exceed 60 days. It provides in the pertinent part:

"A justice, judge or magistrate may discharge him or may recommit him for a further period of 60 days, *or for further periods not to exceed in the*

*aggregate 60 days."* (Emphasis supplied.)   66 McKinney's Consolidated Laws of New York, Code of Criminal Procedure, Part 3, § 846, p 203.

The defendant is ordered discharged from the custody of the sheriff of St. Clair county.

FITZGERALD and WATTS, JJ., concurred.