OWEN, Chief Judge.
By petition for writ of habeas corpus, McKinley L. Treadway seeks his release from custody of the Sheriff of Palm Beach County. We conclude from the petition and the return filed pursuant to the rule to show cause that petitioner is entitled to his immediate release from custody.
Under provisions of the uniform criminal extradition law, petitioner was arrested and having declined to waive extradition, the circuit judge before whom he had been brought remanded him to custody of the respondent for a period of thirty (30) days as provided in, F.S., Section 941.15, F.S.A. Upon completion of this period of thirty days, and because the Governor’s warrant had not been received, the court thereupon remanded petitioner to the custody of the respondent for a further thirty-day period pursuant to, F.S., Section 941.17, F.S.A. That extension expired October 5, 1973. On this latter date, petitioner was again brought before the court and in the ab-sense of a Governor’s warrant having been received, the court once again and over objection of petitioner’s counsel, remanded petitioner to the custody of respondent for a further thirty-day period of time.
It is our judgment that Section 941.17 permits the judge to recommit an accused one time for a period not to exceed sixty days. It does not permit two or more successive recommitments even though the aggregate period of time thereof does not exceed sixty days. People v. White, 2 Mich.App. 493, 140 N.W.2d 578 (1966).
Petitioner is presently in custody under the second recommitment by the court entered on October 5, 1973. Such second recommitment is not authorized under the statute, and he is entitled to be immediately released from respondent’s custody. It is so ordered.
Granted.
MAGER and DOWNEY, JJ., concur.