RICHARD EUGENE PRETTYMAN, APPELLANT, v. MERLE
KARNOPP ET AL., APPELLEES.
222 N. W. 2d 362

Filed October 17, 1974. No. 39386.

Richard Eugene Prettyman, pro se.

Clarence A. H. Meyer, Attorney General, and Terry R. Schaaf, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

This case involves an appeal from a denial of a petition for habeas corpus filed by appellant in the District Court for Lancaster County. He was originally held in custody in this state on a fugitive from justice warrant pending the instigation of extradition by the State of Iowa and the issuance of a Nebraska Governor's warrant. His petition for a writ of habeas corpus was filed on November 2, 1973, his principal claim being that he was entitled to release from custody pursuant to 18 U. S. C. A., § 3182. The matter was tried on November 21, 1973, at which time the court found the contention to be without merit and denied the petition for writ of habeas corpus. He subsequently filed a motion for new trial, which was also denied on December 17, 1973, and he thereafter perfected an appeal to this court. We affirm.

By way of background, appellant was tried and convicted in the State of Iowa on February 16, 1970, for the felony offense of selling narcotic drugs. Following post-trial motions, sentencing was set for March 18, 1970; but appellant did not appear on that date. Sev-

eral years later appellant was extradited by the State of Nebraska from the State of California on a charge of escape from custody and possession of marijuana. He was tried and convicted on both charges and was sentenced to 1 year on the escape from custody charge and 30 days on the charge of possession of marijuana, those sentences to run concurrently. His release date on that sentence was August 19, 1973. He was arraigned in county court on August 24, 1973, on a fugitive from justice complaint, and on September 17, 1973, the Governor of Iowa issued a demand warrant seeking extradition of the petitioner. The following day, September 18, 1973, the Governor of the State of Nebraska issued a warrant of arrest authorizing continued incarceration of the petitioner for the purpose of complying with the demand warrant. On September 25, 1973, he was taken before the District Court for Lancaster County, where counsel was appointed and his rights were explained to him. He did not waive extradition. He was, however, given until October 5, 1973, to file a habeas corpus action and on October 24, 1973, he was again granted leave to file such an action, and did so on November 2, 1973. A hearing on the petition, as amended, was held on November 21, 1973, and the petition was dismissed. Hearing on a motion for "new hearing" was held on December 17, 1973, which motion was overruled. Subsequently he filed a motion to be admitted to bail, and that motion was also overruled. Appellant thereafter appealed to this court.

Appellant's main contention is that he should have been released pursuant to his application for a writ of habeas corpus based upon the fact that no agent from the State of Iowa appeared to take custody of him and return him to that state within 30 days of the issuance of the Nebraska Governor's warrant. This is made clear from the following language taken verbatim from his brief filed in this appeal: "Plaintiffs allegations and

position is a simple one: the only matter that was under consideration is whether or not any agent from state of Iowa caused his body to be removed back to the state of Iowa within thirty days secondarily whether plaintiff had legal right to have effected his removal within thirty days from date of issuance of Governor's warrant." In support of his contention appellant relies upon 18 U. S. C. A., § 3182, which he claims is controlling in the matters of interstate extradition, and supersedes any state statutes upon the subject so far as they may be in conflict therewith. 18 U. S. C. A., § 3182, referred to above, provides as follows: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest the prisoner may be discharged."

The appellant argues that since more than 30 days passed from the time of his "arrest" and the time that his petition for writ of habeas corpus was filed, this state is required under 18 U. S. C. A., § 3182, to release him from custody. We feel that appellant is correct in his contention that § 3182, is applicable in this case, as the general rule appears to be that proceedings for

the interstate extradition of criminals are controlled by federal law, being provided for directly by the Constitution and implemented by federal legislation. Art. IV, sec. 2, Constitution of United States; 18 U. S. C. A., § 3182; Smith v. State of Idaho, 373 F. 2d 149 (1967); Day v. Keim, 2 F. 2d 966 (1924); § 29-730, R. R. S. 1943.

At the outset, we wish to point out that we believe appellant is in error when he argues that the 30-day period provided for in 18 U. S. C. A., § 3182, had run under the facts of his case. He construes the word "arrest" as used in the foregoing statute as meaning the date of his arrest on a fugitive warrant. He is mistaken in this assumption. The term "arrest" as used in the foregoing statute has been interpreted to mean an arrest caused by the executive authority of the asylum state, after formal demand in compliance with the statute has been made by the governor of the state from which the prisoner has fled. People ex rel. Heard v. Babb, 412 Ill. 507, 107 N. E. 2d 740 (1952). In this case appellant was arrested under the warrant from the Governor of Nebraska on September 18, 1973. On September 25, 1973, the District Court for Lancaster County appointed counsel for him, explained his rights and he was given until October 5, 1973, to file his habeas corpus action. Subsequent thereto, he was again given an extension to file the habeas corpus action. The case has been in that court since the above date at which time, by his own initiative, he started the judicial machinery in motion. Obviously less than 30 days had elapsed between the time of his arrest and that time. However, even assuming, without admitting, that the 30-day period had elapsed, it is clear that he is not entitled to the relief requested under his petition for habeas corpus.

The language appearing in said section: "If no such agent appears within thirty days from the time of the arrest the prisoner *may* be discharged" is clearly per-

missive, not mandatory. (Emphasis supplied.) In Mc-Ewen v. State of Mississippi, 224 So. 2d 206 (1969), the court ruled that under the United States statute pertaining to extradition proceedings, discharge of accused by asylum state is not mandatory if an agent of the demanding state does not appear within 30 days from the time of arrest, citing 18 U. S. C. A., § 3182. However, an even more cogent reason exists for denying appellant's claim that he was entitled to be released because of the failure of the officer from Iowa to appear within 30 days. It is clear from the record in this case that the delay was caused by appellant's own acts. His purpose in filing the habeas corpus proceeding was to test the validity of his detention. The general rule is stated in 35 C. J. S., Extradition, § 18, p. 444, as follows: "Under the federal Constitution and statutes, a person arrested on a demand for extradition is entitled to be discharged if the agent of the demanding state does not appear and take custody of him within the prescribed statutory time, *but such provisions do not apply so as to entitle him to be discharged where the delay is due to proceedings instituted to test the validity of his arrest.*" (Emphasis supplied.)

In Foley v. State of New Jersey and State of California, 32 N. J. Super. 154, 108 A. 2d 24 (1954), the court held that the statutory provision for discharge of a person demanded in extradition proceedings when agent for demanding state has not appeared to take custody contemplates a situation where an accused has been taken into custody on a rendition warrant and no proceedings have been instituted to test the validity thereof. In the opinion the court stated: "During practically all of the time that ensued from the inception of the proceedings before Judge Dzick up to the present time, Mr. Foley has been free on bail. If the agent from California had appeared it is obvious that the agent could not have taken physical custody of Mr.

Foley. We are inclined to the view that the provision in question contemplates a situation where an accused has been taken into custody on a rendition warrant and no proceedings have been instituted to test the validity thereof." The case of Smith v. State of Idaho, *supra,* contains language of the court which we feel is particularly appropriate to this case: "The State of Missouri is not to be penalized for awaiting the outcome of valid court proceedings, brought by appellant himself, before undertaking the expense of sending its agent to claim appellant for extradition." Likewise, in this case, the State of Iowa should not be required to incur the expense of sending agents to Nebraska to pick up the appellant until the final termination of his habeas corpus action. Appellant's assignment of error on this point must fail.

The appellant has also raised certain subsidiary issues in his appeal to this court. It appears from the bill of exceptions that the trial court considered these alleged errors in its decision announced at the conclusion of the habeas corpus action, and ruled adversely upon them. We have reviewed the entire record in this case and have concluded that the errors suggested by appellant were without merit and that the proceedings in the District Court were proper in every respect. The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., concurs in result.