131 N.J. Super. 22 (1974)
328 A.2d 238
IN THE MATTER OF THE APPLICATION OF CARL DUNSTER FOR A WRIT OF HABEAS CORPUS; CARL DUNSTER, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 19, 1974.
Decided October 31, 1974.
*24 Before Judges MATTHEWS, FRITZ and BOTTER.
Mr. Daniel E. Isles argued the cause for appellant (Messrs. Isles & Weissbard, attorneys; Mr. Harvey Weissbard, of counsel and on the brief).
Miss Toni Hendricksen, Assistant Prosecutor, argued the cause for respondent (Mr. Donald G. Collester, Jr., Prosecutor of Morris County, attorney; Mr. John A. Parmigiani, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by BOTTER, J.A.D.
This is an appeal from an order discharging a writ of habeas corpus and ordering appellant remanded to custody so that he may be received by agents of California for extradition pursuant to the Uniform Criminal Extradition Law. N.J.S.A. 2A:160-6 et seq.
Appellant Carl Harry Dunster, a/k/a Steven R. Culver, was arrested on January 26, 1973 by police officers of Mount Olive, New Jersey, as a fugitive from justice in California. See N.J.S.A. 2A:160-21 and 22. Previously, in May 1972, the Morristown Police Department had received a fugitive warrant for Dunster from authorities in Los Angeles County, California. The affidavit of a deputy sheriff of said county, annexed to the requisition of the California Governor, recites that appellant had been sentenced to an *25 eight-month term in the Los Angeles County jail system on a conviction for burglary and escaped from custody in December 1971 while serving such sentence.
After his arrest on January 26, 1973 appellant was taken to the Morris County Jail. On that day, in response to an alert broadcast in the county, two detainers were filed against him on bad check (disorderly persons) offenses. N.J.S.A. 2A:170-50.4. On February 5, 1973 he was taken to the Morris Plains Municipal Court, where he pleaded guilty and was sentenced to ten days in jail; and on February 7, 1973 he pleaded guilty in the Boonton Municipal Court and received a 20-day jail sentence. He was returned to the Morris County jail. Thereafter, on March 15, 1973 appellant was interviewed in the Morris County jail by Thomas Quinn, an investigator assigned to the fugitive detail in the Morris County Prosecutor's office. At that time appellant agreed to waive extradition, but the next day, in court, defendant was represented by the Public Defender and refused to waive extradition. On that date, therefore, Quinn signed a complaint against appellant charging him with being a fugitive from the State of California, and defendant was released on bail of $2500. See N.J.S.A. 2A:160-24. A hearing date was set and California authorities were notified to initiate formal extradition proceedings.
On March 19, 1973 a complaint was filed in the Municipal Court of the Los Angeles Judicial District charging appellant with the crime of escape, a felony in California, and a warrant for his arrest issued. On April 12, 1973 the Governor of California issued a requisition calling for appellant's arrest and delivery to agents of that state for his return to California on the aforesaid charge. Pursuant thereto, the Governor of New Jersey, on April 19, 1973, signed a warrant for appellant's arrest and delivery to California agents.
The first hearing in the court below, scheduled in April 1973, was adjourned, and thereafter counsel for appellant requested a copy of the transcript of the California hearing. A continuance to May 25, 1973 was agreed upon, but the *26 hearing was again put off at the request of defense counsel. Later, new counsel substituted for appellant and the hearing was again put off, this time on July 13, 1973, so that appellant could apply for a writ of habeas corpus. Finally, a writ of habeas corpus was obtained on July 25, 1973 pursuant to appellant's complaint filed that day. The writ was returnable July 30, 1973.
The hearing below was held on July 30 and August 1, 1973. In that proceeding appellant contended that he should be released because he was not delivered to agents of California within 30 days from the time of his January 26, 1973 arrest in New Jersey, as purportedly required by 62 Stat. 822; 18 U.S.C.A. § 3182. Contending that the 30-day period commences with the arrest pursuant to the foreign governor's requisition, the prosecutor asked Investigator Quinn to arrest appellant while in court, on August 1, 1973, pursuant to the Governor's warrant, "to complete the record." This was done over defendant's objection. The trial court ruled against appellant and new bail was fixed on this arrest.
Proceedings for the extradition of fugitives are governed by federal law, pursuant to the express provisions of the United States Constitution, Art. IV, Sec. II, and implementing legislation. 62 Stat. 822; 18 U.S.C.A. § 3182. Foley v. State, 32 N.J. Super. 154, 157 (App. Div. 1954); Smith v. State of Idaho, 373 F.2d 149, 154 (9 Cir.1967), cert. den. 388 U.S. 919, 87 S.Ct. 2139, 18 L.Ed.2d 1364 (1967). The controlling federal statute provides that, upon proper requisition of the demanding state, the executive authority of the asylum state:
* * * shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged. 62 Stat. 822; 18 U.S.C.A. § 3182. [Emphasis supplied]
*27 Appellant contends the 30-day period runs from the original arrest, citing Foley v. State, supra. In that case, however, the court held that the failure of the foreign agent to appear within 30 days of the arrest did not require appellant's release, because he was free on bail pending his challenge of the extradition proceedings. The court did suggest, however, that an accused who is taken into custody "on a rendition warrant," who does not institute proceedings to test the validity thereof, must be released if no agent appears to receive him within 30 days after his arrest.
The first arrest here was on a fugitive warrant, and it was followed by detainers of local authorities, with subsequent jail terms served by appellant totalling 30 days. Thereafter, appellant was released on bail on March 16, 1973, pending the receipt of a requisition from the Governor of California and an extradition warrant from the New Jersey Governor. When these were issued appellant contested them, while continuing on bail. In these circumstances, agents of California could not receive appellant in New Jersey, and their failure to do so within 30 days after his original arrest does not require his release. People v. Babb, 412 Ill. 507, 107 N.E.2d 740 (Sup. Ct. 1952); see also, Bolton v. Timmerman, 233 S.C. 429, 105 S.E.2d 518 (Sup. Ct. 1958), and Smith v. State of Idaho, supra 373 F.2d at 158-159, where the court held that the demanding state "is not to be penalized for awaiting the outcome of valid court proceedings, brought by appellant himself, before undertaking the expense of sending its agent to claim appellant for extradition.
The 30-day period in 62 Stat. 822; 18 U.S.C.A. § 3182 begins to run after the arrest effected pursuant to the Governor's warrant. People v. Babb, supra. This scheme is reflected in the provisions of the Uniform Criminal Extradition Law. Where a fugitive is arrested on a complaint before a judge or magistrate of this State on a charge of having fled from justice (N.J.S.A. 2A:160-21), he must be taken promptly before a judge or magistrate and, when arrested without a warrant, upon information that he is *28 charged with a crime in another state punishable by imprisonment for more than one year, a complaint is to be made under oath (N.J.S.A. 2A:160-22). Thereafter the accused may be committed to the county jail for a period not exceeding 30 days "as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused give bail as provided in section 2A:160-24 of this title, or until he shall be legally discharged." N.J.S.A. 2A:160-23. The purpose of our statutes is to allow an accused to be held in jail after his original arrest while awaiting the Governor's warrant pursuant to a foreign requisition, but to prevent detention for an undue length of time. In re Colasanti, 104 N.J. Super. 122, 125 (App. Div. 1969); see also, Bolton v. Timmerman, supra.
Here the orderly disposition of the extradition proceedings was interrupted first by local detainers and proceedings resulting in sentences of appellant totalling 30 days, and thereafter by continuances because of appellant's challenge to his extradition. Appellant was released on bail on March 16, 1973, a short time after completion of his local jail sentences. He remained on bail pending receipt of the foreign requisition and disposition of the procedings challenging his extradition.
In these circumstances we find no basis for discharging appellant from custodial process. See McEwen v. State, 224 So.2d 206 (Miss. Sup. Ct. 1969), holding the words "may be discharged" in 62 Stat. 822; 18 U.S.C.A. § 3182 permissive and not mandatory, when delay beyond 30 days was caused in large part by the accused himself. Nor has appellant urged a valid basis for voiding the arrest made on August 1, 1973 under the Governor's warrant. There would be no difference in result had appellant been arrested sooner on the requisition warrant, since appellant was free on bail following his original arrest, and his resistance to extradition would have delayed the arrival of California agents. See *29 N.J.S.A. 2A:160-24 which provides for admission to bail after the initial arrest "conditioned for his appearance * * * and for his surrender, to be arrested upon the warrant of the governor of this state."
Lastly, we note that appellant did not demand his release at or shortly after the expiration of a 30-day period following his initial arrest. For reasons set forth above, we need not decide whether such release, when appropriate, should be "automatic," as defendant insists, or whether it should await his application in order that consideration might be made of record. Cf. Foley v. State, supra.
Affirmed.