359 So.2d 911 (1978)
Michael Douglas HILL, Appellant,
v.
William T. "Bill" ROBERTS, As Sheriff of Pinellas County, Florida, Appellee.
No. 77-1216.
District Court of Appeal of Florida, Second District.
June 16, 1978.
*912 Jack F. White, Jr., Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Chief Judge.
Appellant Michael Douglas Hill appeals the denial of his petition for writ of habeas corpus. The petition sought his discharge from custody after he had been held for more than thirty days pursuant to an extradition demand from the governor of North Carolina. We hold appellant was entitled to discharge, and we reverse.
Appellant was arrested in August 1972 on a fugitive warrant from North Carolina. In September or October 1972, the governor of Florida issued a rendition warrant pursuant to a demand from the governor of North Carolina. Appellant then filed a petition for writ of habeas corpus, which was denied by the trial court. This court affirmed that denial on December 7, 1973. State ex rel. Hill v. Genung, 287 So.2d 168 (Fla. 2d DCA 1973). Meanwhile, appellant had remained in jail. He was released on bail in May 1974, but no further action was taken concerning his extradition until July 1976, when he filed a petition for writ of habeas corpus in federal court which was dismissed without prejudice for failure to exhaust state remedies. Appellant then filed the instant petition in the Pinellas County circuit court raising the same grounds upon which the petition filed in federal court was predicated. The petition was denied after hearing and this appeal followed.
Proceedings for interstate extradition are controlled by federal law, and the applicable federal statutes must therefore be applied by state courts in proceedings concerning extradition. South Carolina v. Bailey, 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292 (1933). 18 U.S.C. § 3182 (1948) provides:
Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify *913 the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged. [Emphasis supplied].
The word "may" in the provision "[i]f no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged" has been construed as mandatory, Prettyman v. Karnopp, 192 Neb. 451, 222 N.W.2d 362 (1974), although the thirty-day period is tolled during any delay attributable to the fugitive. Prettyman v. Karnopp, supra; Application of Dunster, 131 N.J. Super. 22, 328 A.2d 238 (N.J.Super.App. Div. 1974). We agree with this reasoning. We do not consider it reasonable nor do we believe it was ever intended that a person could be held indefinitely as a fugitive from justice pursuant to the authority of 18 U.S.C. § 3182 (1948) without some action to receive him being taken on the part of the demanding state. See Treadway v. Heidtman, 284 So.2d 473 (Fla. 4th DCA 1973).
Here there was some delay attributable to appellant caused by the pendency of his first petition for writ of habeas corpus, during which time he was not available for extradition. However, from the date of issuance of this court's mandate in the prior case in January 1974 to the time of filing of appellant's petition for habeas corpus in federal court in July 1976, a period of two and a half years, appellant was available to be received by the agent of the demanding state. The demanding state having made no attempt to receive appellant during all this time, appellant is entitled to discharge.
Accordingly, the order denying appellant's petition for writ of habeas corpus is reversed and the cause remanded with instructions to discharge appellant.
SCHEB and RYDER, JJ., concur.