626 P.2d 1111

**The STATE of Arizona, Petitioner,**

v.

**The Honorable Robert J. HOOKER, Judge of the Superior Court, Division One, In and For the County of Pima, State of Arizona, Respondent,**

**and**

**Alfred R. LIBBY, Real Party In Interest.**

**No. 2 CA–CIV 3892.**

Court of Appeals of Arizona, Division 2.

Feb. 13, 1981.

Rehearing Denied March 25, 1981.

Review Denied April 14, 1981.

480

Stephen D. Neely, Pima County Atty. by D. Jesse Smith, Deputy County Atty., Tucson, for petitioner.

Richard S. Oseran, Pima County Public Defender by Carol Wittels, Tucson, for real party in interest.

OPINION

BIRDSALL, Judge.

The subject of this special action is an order of the respondent court in habeas corpus proceedings directing the release of the real party in interest from the Pima County Jail where he had been incarcerated. Although we agree with the ruling of the respondent court, we believe an opinion is appropriate to clarify and correct the petitioner's mistaken interpretation of A.R.S. Sec. 13–3859.

Real party in interest Libby was arrested in Pima County on a fugitive warrant from California on grand theft charges and also on three counts of theft allegedly committed in Pima County. He was subsequently released on his own recognizance and on October 28, 1980, the governor of Arizona issued a Governor's Warrant of Extradition. Libby was served with, and taken into custody pursuant to, this warrant on October 31 and had been in custody without bond until his release on December 16 at the conclusion of the habeas corpus proceedings.

Bail was not available after the governor's extradition warrant had issued. *State v. Jacobson*, 22 Ariz.App. 260, 526 P.2d 784 (1974). Libby's attorney indicated to the respondent court that the California authorities had neither attempted to take Libby to California nor made any demand for his return. In fact, she had been advised that California agents had not come to Arizona to pick him up because they had received a teletype from the office of the Pima County Attorney stating that California could not pick up Libby because he had a local charge which they wanted to settle first.

If no agent appears from the demanding state within 30 days from the time of the fugitive's arrest, the prisoner may be discharged under 18 U.S.C. Sec. 3182. Fed-

eral law is controlling as to interstate extradition. *Ex parte Rubens*, 73 Ariz. 101, 238 P.2d 402, cert. denied 344 U.S. 840, 73 S.Ct. 50, 97 L.Ed. 653 (1951). The 30-day period provided in 18 U.S.C. Sec. 3182 commences to run from the arrest pursuant to a warrant of rendition, *Prettyman v. Karnopp*, 192 Neb. 451, 222 N.W.2d 362 (1974), and contemplates a situation where an accused had been taken into custody on a rendition warrant and no proceedings have been instituted to test the validity thereof. *Foley v. State*, 32 N.J.Super. 154, 108 A.2d 24 (1954); *Application of Dunster*, 131 N.J. Super. 22, 328 A.2d 238 (1974); *Hill v. Roberts*, 359 So.2d 911 (Fla.App.1978). The respondent judge therefore did not abuse his discretion in releasing Libby from custody where no California agent appeared to take him into custody pursuant to the governor's warrant and the delay was not attributable to any conduct on his part.

The state's position is that A.R.S. Sec. 13–3859 authorizes the governor to hold Libby pursuant to the extradition warrant until local charges against him have terminated. We do not agree. A.R.S. Sec. 13–3859 which applies to persons under criminal prosecution in this state at the time of requisition, states:

> "If a criminal prosecution has been instituted against such person under the laws of this state and is still pending the Governor, at his discretion, either may surrender him on demand of the executive authority of another state or may hold him until he has been tried and discharged or convicted and punished in this state."

Under this statute, the governor has discretion *either* to grant the request for extradition forthwith or to defer action, i. e., postpone extradition, until the proceedings in the asylum state are terminated. *Buffalo v. Tanksley*, 189 Colo. 45, 536 P.2d 827 (1975); *Commonwealth v. Burke*, 162 Pa. Super. 592, 60 A.2d 426 (1948). As noted above, the governor honored California's request for extradition by issuing his warrant

on October 22. The governor's order was the highest executive voice within this state and could not be ignored by a lesser officer of the executive branch. *Application of Caudill*, 352 P.2d 926 (Okl.Cr.1960).[1] The governor having exercised his discretion to surrender Libby, the petitioner could not hold him to answer local charges.

For these foregoing reasons, we deny the special action relief requested by petitioner.

HATHAWAY, C. J., and HOWARD, J., concur.

---

1. As long as Libby was still in the custody of Arizona authorities, the governor's warrant

was subject to recall by the governor. A.R.S. Sec. 13–3861.