PER CURIAM.
The appellant/petitioner appeals an order denying his petition for writ of habeas corpus urging that he is entitled to discharge under 18 U.S.C. § 3182[1] because thirty days have elapsed since his arrest on a fugitive warrant. The term “arrest” used in 18 U.S.C. § 3182 means the arrest caused by the executive authority of the asylum state (Florida), after formal demand in compliance with the statute has been made by the governor of the state from which the prisoner has fled (New York). People ex rel. Heard v. Babb, 412 Ill. 507, 107 N.E.2d 740 (111.1952); and Prettyman v. Karnopp, 192 Neb. 451, 222 N.W.2d 362 (Neb.1974).[2] Here, the petition failed to allege that thirty days had elapsed since appellant’s arrest on the Florida Governor’s warrant of rendition. Further, the thirty day time period is *1083 tolled pending the disposition of this habeas corpus proceeding. Prettyman, supra; Application of Dunster, 131 N.J.Super. 22, 328 A.2d 238 (N.J.Super.App.Div.1974); Hill v. Roberts, 359 So.2d 911 (Fla. 2nd DCA 1978).
Accordingly, the order denying the petition for writ of habeas corpus is affirmed.[3]
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH and WENTWORTH, JJ., concur.

. 18 U.S.C. § 3182 provides:
Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

. In Hill v. Roberts, 359 So.2d 911, 913 (Fla. 2nd DCA 1978), the Second District Court of Appeal stated that Prettyman construed the word “may” in the last sentence of 18 U.S.C. § 3182 to be mandatory. Although we do not rely on this point as dispositive of this appeal, our examination of Prettyman reveals that the Nebraska Supreme Court specifically found that the language “If no such agent appears within thirty days from the time of arrest, the prisoner may be discharged” was permissive rather than mandatory. Prettyman, 222 N.W.2d at 365.

. We affirm upon the grounds stated herein, thus approving the action of the trial judge even though based upon other reasons with which we may not totally agree. In re Estate of Yohn, 238 So.2d 290 (Fla.1970).