431 So.2d 236 (1983)
Ed ORTON and Patricia Orton, Appellants,
v.
STATE of Florida, Appellee.
No. AO-9.
District Court of Appeal of Florida, First District.
May 4, 1983.
Bonnie K. Roberts, Bonifay, for appellants.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellants appeal an order granting their extradition from Florida to Tennessee, urging that they are entitled to dismissal of the extradition proceedings pursuant to Section 941.17, Florida Statutes, and 18 U.S.C. § 3182. We affirm.
On January 30, 1981, upon the oral request of the State of Tennessee, appellants were taken into custody pursuant to fugitive arrest warrants issued by the County Court of Holmes County, Florida, for the purpose of extradition. The charges lodged against the Ortons were fraudulent breach of trust and failure to appear. On the same day both were given an appearance bond in the amount of $2,502. On appellee's oral motion, extradition time under the bond was extended until April 29, 1981, as allowed by the provisions of Section 941.17, Florida Statutes. The court minutes reflect that on April 29, a hearing was held and appellants "were discharged from the bond" because they had not been extradited within the sixty-day extension allowed by Section 941.17.
*237 On April 13, 1981, the State of Tennessee issued its formal request for extradition, but no authority from Tennessee has ever appeared to take custody of appellants. On June 11, 1981, the governor of Florida issued rendition warrants for both appellants. However, appellants have not been arrested on those warrants and no action was taken in the case until May, 1982, when the prosecutor set an extradition hearing. On June 7, 1982, appellants' motion for discharge was heard in the trial court. By order dated August 16, 1982, the trial court denied appellants' motion for discharge and granted extradition.
Appellants argue on appeal that they are entitled to dismissal of the extradition proceedings pursuant to Section 941.17, Florida Statutes, which provides that if the accused is not arrested under the governor's warrant by expiration of the time specified in the warrant or bond, a judge "may discharge him or may recommit him for a further period not to exceed sixty days, or a judge or magistrate judge may again take bail for his appearance and surrender ... within a period not to exceed sixty days after the date of such new bond." Appellants submit that when they were discharged pursuant to that statute on April 29, 1981, the extradition proceedings against them were, in effect, dismissed. We disagree with appellants' interpretation that the term "discharge" as used in Section 941.17 means dismissal of the proceedings. Our study leads us to the conclusion that the statute merely requires discharge of the accused from custody or bond after the expiration of the statutory time period. That requirement was timely met when appellants were discharged from their bond on April 29, 1981. From the date of initial arrest, the Ortons have been free on bail, which absolute freedom of movement continued following their discharge from bond.
Appellants further assert that they are entitled to dismissal of the extradition proceedings pursuant to 18 U.S.C. § 3182, which provides that in an extradition situation, if no agent from the demanding state appears "within thirty days from the time of the arrest" to receive the fugitive, the fugitive "may be discharged." Appellants' argument on this point is without merit because 18 U.S.C. § 3182 is not applicable here. The term "arrest" as used in the foregoing statute has been interpreted to mean an arrest caused by the executive authority of the asylum state, after formal demand has been made by the governor of the demanding state. Prettyman v. Karnopp, 192 Neb. 451, 222 N.W.2d 362 (Neb. 1974); Bergen v. Carson, 417 So.2d 1081 (Fla. 1st DCA 1982). In the instant case, appellants have not been arrested pursuant to the rendition warrants and accordingly, the time provision of 18 U.S.C. § 3182 has not yet begun to run.
We have considered appellants' remaining point concerning failure of the state to comply with certain procedural requirements of Chapter 941 and find that because that argument was not raised in the trial court, it is not cognizable on appeal.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.