**Clyde Dean BOWERSOX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–89–760–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 26, 1990.

Rehearing Denied May 31, 1990.

Thomas W. McQuage, Galveston, for appellant.

Roger L. Ezell, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

MURPHY, Justice.

Clyde Dean Bowersox appeals the denial of his application for habeas corpus. Appellant claims that the evidence was insufficient to support extradition because the State failed to introduce the Governor's warrant and that he should have been discharged because more than thirty days had elapsed between the issuance of the Governor's warrant and the filing of the application for habeas corpus. Finding no error in the trial court's denial of the application, we affirm.

A warrant for appellant's arrest was issued in Oklahoma on December 22, 1988. Appellant was arrested in Galveston County on December 26, 1988 and a Texas Executive warrant (recognizing the Oklahoma warrant) issued on March 21, 1989. On March 30, 1989, appellant appeared in court, refused to sign a waiver of extradition, and instead, sought and received appointed counsel to challenge the extradition. On April 19, appellant filed a motion seeking to obtain copies of all documents relating to his extradition. On June 1, 1989, appellant filed an application for habeas corpus alleging the extradition papers were defective, and that he was not furnished with the extradition papers as requested. Following an evidentiary hearing, the trial court found that the extradition papers were properly authenticated and in compliance with the law, that appellant had been substantially charged with a crime in the State of Oklahoma, and that appellant received copies of the extradition papers at or about the time of the evidentiary hearing. Based on these findings, the trial court denied appellant's application.

In his first point of error, appellant claims the evidence is insufficient to support the trial court's denial of the application for habeas corpus because the State failed to introduce the Governor's warrant into evidence. Because appellant conceded during the evidentiary hearing that the paperwork was valid, the State contends formal introduction of the warrant was unnecessary, relying on *Ex parte Reagan,* 549 S.W.2d 204, 205 (Tex.Crim.App.1977). In *Reagan,* the warrant was never formally introduced into evidence, but the parties and the court treated the warrant as if it had been admitted. *Id.* Under these circumstances, and because the warrant was regular on its face, the trial court's judgment was upheld. *Id.*

As in *Reagan,* the warrant in the instant case was never formally admitted into evidence. When the prosecutor appeared ready to introduce the warrant, appellant's

counsel did not challenge the validity of the paperwork:

> [Prosecutor]: We have the Governor's warrant here and I'd like to—
>
> [Defense counsel]: I don't have any dispute about that but we just got them yesterday, as far as me looking at them and delivering them to the defendant, and I've given him my advice about what I think they are like and he just wants to look at them, go study them in the writ room.

When the prosecutor subsequently attempted to offer the warrant into evidence, defense counsel moved for a continuance on the following grounds:

> [Defense counsel]: I don't think there's anything wrong with the paperwork. I think they have got all the right seals and all the right signatures and so forth on all the paperwork.
>
> I think what we'll do—and I assume the State will tender those into evidence in this proceeding and get Mr. Bowersox to say a couple of things. I do have an argument for you that you ought to discharge him anyway.

Defense counsel then challenged the amount of time elapsed between the issuance of the warrant and the filing of the application for habeas corpus. The record indicates that appellant did not dispute the validity of the warrant and did not object to its admission. Under these circumstances, and because the warrant itself appears regular on its face, we find *Reagan* dispositive and we hold that the warrant may be considered in support of the trial court's judgment despite the fact that it was never formally introduced. We overrule point of error one.

■ In his second point of error, appellant contends that 18 U.S.C. § 3182 requires discharge of a prisoner if the demanding state fails to appear and accept delivery of the prisoner within thirty (30) days of his arrest. Because appellant remained in the Galveston County jail at least thirty days after issuance of the Governor's warrant, appellant maintains that the trial court should have discharged him from custody. Although appellant does not cite the Uniform Criminal Extradition

Act, we note that it contains a similar provision for holding a fugitive in county jail no more than thirty days. *See* TEX.CODE CRIM.PROC.ANN. art. 51.13, § 15 (Vernon 1979). We need not address whether the thirty-day time limit under the state or federal statute is mandatory or directory, however, because we find this time limit inapplicable where the fugitive himself causes the delay by challenging extradition. *See Prettyman v. Karnopp*, 192 Neb. 451, 222 N.W.2d 362, 366 (1974); *People ex rel. Tarranto v. Babb*, 412 Ill. 123, 105 N.E.2d 750, 751, *cert. denied*, 344 U.S. 833, 73 S.Ct. 41, 97 L.Ed. 648 (1952); *Application of Dunster*, 131 N.J.Super. 22, 328 A.2d 238, 240–41 (1974), *cert. denied*, 67 N.J. 72, 335 A.2d 25 (1975). Although no Texas cases have considered this issue, we are persuaded by the reasoning of the Illinois, Nebraska, and New Jersey courts that a fugitive is not entitled to relief in the form of discharge where his challenge to extradition is the reason for the additional jail time. *See Prettyman*, 222 N.W.2d at 366; *Babb*, 105 N.E.2d at 751; *Dunster*, 328 A.2d at 240–41.

■ In the instant case, the Governor's warrant issued on March 21, 1989. On March 30, 1989, appellant appeared in court, refused to sign the waiver of extradition, and requested counsel which the trial court appointed. On April 19, 1989, appellant filed a motion requesting copies of all documents pertaining to his extradition. On June 1, 1989, appellant filed his application for habeas corpus. Based on these actions, we find that appellant chose to challenge the extradition as provided under TEX.CODE CRIM.PROC.ANN. art. 51.13, § 10. Because the delay was caused by appellant's challenge to extradition, appellant was not entitled to discharge. *See Dunster*, 328 A.2d at 240–41; *Prettyman*, 222 N.W.2d at 366; *Babb*, 105 N.E.2d at 751. Accordingly, we overrule appellant's second point of error.

We affirm the judgment of the trial court.