584 So.2d 389 (1991)
Walter Thomas GODSEY
v.
Christine HOUSTON, Director of Records, Mississippi Department of Corrections; Carmen Gettis Castilla, Chairperson, Mississippi Board of Parole; Steve Richeson, Parole Officer, Jackson, Tennessee; Jerry A. McClain, Nashville, Tennessee; Tressie Myers, Jackson, Mississippi; Donald Cabana, Warden of the South Mississippi Correctional Institution; Mike Moore, Attorney General for the State of Mississippi.
No. 89-CA-0958.
Supreme Court of Mississippi.
July 10, 1991.
Walter T. Godsey, pro se.
Mike C. Moore, Atty. Gen., Jeffrey M. Rosamond, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and PITTMAN, JJ.
PRATHER, Justice, for the Court:
This appeal addresses a parolee's rights following extradition proceedings arising from Walter Thomas Godsey's application for writ of habeas corpus. From a denial *390 of the writ by the Circuit Court of Greene County, Godsey appeals.

I. STATEMENT OF THE FACTS
On November 16, 1981, Godsey was convicted as an accessory to murder and kidnapping in Jackson County, Mississippi, and was sentenced to the custody of the Mississippi Department of Corrections (MDOC), for terms of five years and fifteen years respectively, to run concurrently. Godsey was paroled by MDOC on July 2, 1984, to the State of Tennessee, conditioned on obedience to the criminal laws and on his agreement to waive extradition for return to the State of Mississippi from any other state of the United States. On May 24, 1985, Godsey was convicted of burglary and concealing stolen property in McNairy County, Tennessee, and sentenced to the Tennessee Department of Corrections for a term of four years. The petitioner alleges in his pleading that because of a court case, he was paroled from this conviction after four months, on June 25, 1985. Godsey was then on parole from both the States of Mississippi and Tennessee. Mississippi verbally requested a hold "order" on Godsey in Tennessee and thereafter issued a fugitive warrant for Godsey's arrest. Godsey was arrested and detained by the State of Tennessee on July 25, 1985. Godsey refused to waive extradition from Tennessee back to Mississippi. On April 9, 1986, the Governor of Mississippi issued a writ of extradition, and on April 26, 1986, the Governor of Tennessee issued a rendition warrant.
On May 23, 1986, the Circuit Court of Bledsoe County, Tennessee ordered that Godsey be brought before it to consider the rendition warrant. Godsey wrote a letter to the Circuit Court complaining of illegal detention and requesting a hearing. The Circuit Court treated the letter as a petition for a writ of habeas corpus. Godsey challenged his detention for extradition purposes, alleging there was a violation of 18 U.S.C.A. § 3182 because the delay between his arrest for purpose of extradition and the filing of formal charges was beyond the thirty day limit provided by the statute.
The Circuit Court held that the thirtyday period ran from either July 25, 1985 or September 24, 1985, that the delay violated the period, and ordered Godsey's release. However, this order was appealed to the Court of Criminal Appeals of Tennessee. The Tennessee Court of Criminal Appeals held that the thirty day period of 18 U.S.C.A. § 3182 did not begin to run until the issuance of the rendition warrant by Tennessee and not from the time of arrest on the fugitive warrant. Thus, there was no violation. The Court of Criminal Appeals reversed and remanded the case for the extradition of Godsey to Mississippi.
Godsey failed to timely request permission to appeal to the Tennessee Supreme Court. Godsey also petitioned the United States District Court of the Western District of Tennessee for a writ of habeas corpus. This federal petition was dismissed because Godsey failed to exhaust state remedies. A certificate of probable cause to appeal to the United States Court of Appeals for the Sixth Circuit was denied.
Upon return to Mississippi on August 22, 1988, Godsey waived all rights to notice and a waiting period prior to his parole revocation hearing. After a preliminary parole revocation hearing on February 24, 1989, and an actual parole revocation hearing, Godsey's parole was revoked, and he was placed in the South Mississippi Correctional Institute.
Godsey filed a petition for a writ of habeas corpus, the writ in issue here, with the Greene County Circuit Court, repeating the claim he filed in the Tennessee courts, plus a claim that he was not afforded a timely parole revocation hearing. The Greene County Circuit Court refused to grant the petition on the ground that Godsey failed to show that he was entitled to relief, and Godsey appeals.

II. ANALYSIS

A. Is the Code Section Mandatory?
Godsey contends that his constitutional rights were violated when the State of Mississippi failed to return him to Mississippi *391 within the 30 days as required by 18 U.S.C.A. § 3182. That section states:
Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or a affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such a demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

Authority is divided as to whether the prisoner's discharge is mandatory or permissive if appearance by an agent of the demanding state is not made within the thirty day period. See State v. Campbell, 233 Mont. 502, 761 P.2d 393, 396 (1988) (30 day provision is not mandatory but discretionary); Hill v. Roberts, 359 So.2d 911, 913 (Fla. 1978) (provision considered mandatory after a two and one half year delay); Prettyman v. Karnopp, 192 Neb. 451, 456, 222 N.W.2d 362, 365 (1974) (provision considered to be permissive). This Court has held that 18 U.S.C.A. § 3182 does not mandate discharge if the agent of the demanding state fails to appear within thirty days of arrest. McEwen v. State, 224 So.2d 206, 207 (Miss. 1969). This Court reaffirms the McEwen holding.

B. When Does the Time Period Commence?
The thirty day period begins to run from the date of issuance of the rendition warrant by the executive authority of the asylum state upon the demand of the demanding state. Bergen v. Carson, 417 So.2d 1081, 1082 (Fla. 1982); see also Bolton v. Timmerman, 233 S.C. 429, 433, 105 S.E.2d 518, 520 (1958). The period is tolled if habeas corpus proceedings are instituted by the prisoner. Whatever the effects of the provision, no discharge is allowed where the delay is attributable to the actions of the prisoner which challenge his extradition. Bowersox v. State, 790 S.W.2d 363, 365 (Tex. 1990); State v. Paskowski, 647 S.W.2d 238, 240 (Tenn.Cr.App. 1983). In the case sub judice, it should be noted that Godsey refused to waive extradition from Tennessee, in violation of his agreement in the terms of his Mississippi parole. Godsey challenged this issue in state and federal courts of Tennessee unsuccessfully.
The same law is applicable here, but it is not necessary for this Court to delve into whether 18 U.S.C.A. § 3182 was violated as Godsey has already been returned to Mississippi. Once a prisoner has been returned to the demanding state, the legality of the extradition is no longer subject to legal attack. The proper place for a prisoner to complain about compliance with the extradition law was in the asylum state. State v. Allen, 450 So.2d 1378, 1389 (La. 1984); see also Siegel v. Edwards, 566 F.2d 958 (5th Cir.1978); State v. Flint, 171 W. Va. 676, 301 S.E.2d 765, 772 (1983). Tennessee was the proper place for a challenge to the legality of his detention. Godsey challenged that issue in the Tennessee courts; he cannot now repeat the same challenge in Mississippi.

III.

A. Was Due Process Afforded?
As for Godsey's claim that the MDOC failed to give him a timely parole revocation hearing, Godsey asserts a due process constitutional violation. Due process rights of a parolee have been addressed by the United States Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Morrissey states:

*392 We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. Cf. Mempa v. Rhay, 389 U.S. 128, 19 L.Ed.2d 336, 88 S.Ct. 254 (1967). Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly [sic] by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.
[408 U.S. at 481, 92 S.Ct. at 2600]
We turn, therefore, to the question whether the requirements of due process in general apply to parole revocations.
[408 U.S. at 482, 92 S.Ct. at 2601]
... .
... [T]here is no interest on the part of the State in revoking parole without any procedural guarantees at all. What is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior.
[408 U.S. at 486, 92 S.Ct. at 2603]
Morrissey v. Brewer 408 U.S. at 480-484, 92 S.Ct. at 2600-2602, 33 L.Ed.2d at 494-496.
Morrissey sets out the minimum procedure required of states to assure the requisite amount of due process to be afforded a parolee. Such guarantees have been incorporated into Mississippi statutory law in Miss. Code Ann. § 47-7-27 (Supp. 1990). That statute provides, inter alia, that:
A parolee convicted of a felony while on parole, whether in the State of Mississippi or another state, shall immediately have his parole revoked upon presentment of a certified copy of the commitment order to the board.
At the next meeting of the board held after the issuance of a warrant for the retaking of any offender, the board shall be notified thereof; and if the offender shall have been taken into custody, he shall then be given an opportunity to appeal to the board in writing or in person why his parole should not be revoked. The board may then, or at any time in its discretion, terminate such parole or modify the terms and conditions thereof.
A charge similar to Godsey's was made in Bobkoskie v. State, 495 So.2d 497, 500 (Miss. 1986), and this Court answered as follows:
Bobkoskie's reliance on Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), for the proposition that his parole revocation does not satisfy the requirements of the due process clause of the Fourteenth Amendment of the United States Constitution is misplaced. Morrissey's parole was revoked on the basis of information that he had violated the conditions of parole by buying a car under an assumed name and operating it without permission, giving false statements to police concerning his address and insurance company after an accident, obtaining credit under an assumed name, and failing to report his place of residence to his parole officer. Nothing in the Morrissey record indicated that petitioners had admitted the violations[,] and assertions made by responding in the court were not based on any public record but upon interviews with two of the members of the parole board, and on remand that court stated, "If it is determined that petitioners admitted parole violations to the Parole Board, as Iowa contends, and if those violations are found to be reasonable grounds for revoking parole under state standards, that would end the matter." Morrissey, 408 U.S. at 499, 92 S.Ct. at 2609. Bobkoskie admits to the conviction of a felony while on parole. Conviction of a felony by a parolee is a reasonable ground under Mississippi standards *393 for revocation of parole. That this is apparent can be seen by the recent amendment to Section 47-7-27, Mississippi Code Annotated (Supp. 1986), and also Section 47-7-29, Mississippi Code Annotated (1972), as amended, which provides:
Any prisoner who commits a felony while at large upon parole and who is convicted and sentenced therefor shall be required by the board to serve such sentence after the original sentence has been completed.
The admitted evidence shows that Godsey violated the conditions of his parole in two respects: (1) two Tennessee felony convictions, and (2) failure to waive extradition back to Mississippi. All of these were reasonable grounds for revoking Godsey's parole; therefore, all procedural guarantees were met in this case. The trial court properly denied Godsey's petition for writ of habeas corpus.
In sum, Godsey could not challenge the legality of his extradition from Tennessee after his return to Mississippi. There was no denial of due process in the parole revocation hearing. The decision of the trial court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., and HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.