STATE of Tennessee, Appellee,

v.

Edward PASKOWSKI, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 5, 1983.

Permission to Appeal Denied by Supreme Court March 14, 1983.

William M. Leech, Jr., Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, William R. Mooney, Asst. Dist. Atty. Gen., Jonesboro, Lynn Brown, Asst. Dist. Atty. Gen., Elizabethton, for appellee.

H. Wayne Graves, Charles T. Herndon, IV, Johnson City, for appellant.

OPINION

DWYER, Judge.

The appellant appeals from the trial court's denial of his petition for writ of habeas corpus.

The issue: Whether the trial court erred in denying the petitioner's petition for writ of habeas corpus where the record shows that the petitioner was not taken into custody by Connecticut authorities within thirty days following execution of the rendition warrant.

The State of Connecticut has instituted extradition proceedings for the return of appellant to answer to accusations of robbery and larceny in the State.

Both adversaries here rely on the interpretation of 18 U.S.C. § 3182:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of a State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or the chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. *If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.*" (Emphasis supplied.)

The appellant filed his writ of habeas corpus on April 22, 1982, which was denied by the trial court on May 5, 1982. His argument is that the rendition warrant of the Governor of this State, issued on February 19, 1982, was served on him on March 9, 1982; hence, with the thirty days time limit in the statute expiring at the latest on or about April 7, 1982, he should have been dismissed from custody. The trial court's denial of his petition for habeas corpus therefore was erroneous.

The State argues that appellant was in custody on a fugitive warrant, T.C.A. § 40–1016 (1975), served on him on January 4, 1982. He chose not to waive extradition when he made an appearance in the General Sessions Court of Washington County on January 6, 1982. Counsel was appointed in the General Sessions Court with the same attorney reappointed for appellant in the Criminal Court of Washington County on January 18, 1982. On that date the appellant informed the court that he would continue to fight extradition. The rendition warrant issued on February 19, 1982, but was not served on appellant until March 9, 1982. On April 8, 1982, the appellant again informed the court that he was resisting extradition. When counsel then informed the court that a petition for habeas corpus would be filed, the trial court granted the appellant an additional two weeks to file his petition. The petition was filed on the last day of the two-week period. Summed up, while the State was negligent in not serving the rendition warrant more timely on the appellant, it is also obvious from the evidence that the appellant brought on most of the delay by informing the officials he was going to resist extradition and by not filing his petition for the writ until April 22, 1982. In short, both parties are at fault to some degree.

The appellant would have us construe the statute as requiring that he be discharged since more than thirty days had elapsed from the "filing" of the rendition warrant.

The thrust of an extradition proceeding, however, is to allow the demanding state to retrieve violators of its laws who are found in the asylum state. The statutes in question, here 18 U.S.C. § 3182 in particular, "have not been construed narrowly and technically by the courts as if they were penal laws, but liberally, to affect their important purpose." *Biddinger v. Commissioner of the City of New York,* 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193 (1917) (regarding the interpretation of "fugitive from justice"). Likewise, the evidence in proceedings of this kind should be liberally construed in favor of the demanding state. *McLaughlin v. State,* 512 S.W.2d 657 (Tenn. Cr.App.1974).

While we can go so far as to say that the purpose of 18 U.S.C. § 3182, is to prevent indefinite incarceration of a prisoner in an asylum state, we cannot attribute a mandatory meaning to that portion of 18 U.S.C. § 3182 in question: "If no such agent appears within thirty days from the time of arrest, the prisoner *may* be discharged." (Emphasis supplied.) *

 Regardless of whatever limitations 18 U.S.C. § 3182 may impose upon the incarceration of a fugitive by the asylum state, most of the delay in the instant case was attributable to the appellant's stalling. Given this state of affairs, we find no error in the trial court's dismissal of appellant's petition. The judgment of the trial court is affirmed.

CORNELIUS and SCOTT, JJ., concur.

---

* Appellant cites two Florida cases in support of his mandatory interpretation of "may" in 18 U.S.C. § 3182: *Lewis v. Roberts,* 372 So.2d 1180 (Fla.Dist.Ct.App.1979); *Hill v. Roberts,* 359 So.2d 911 (Fla.Dist.Ct.App.1978). Without much explanation of their own, those two cases rely on the reasoning of *Prettyman v. Karnopp,* 192 Neb. 451, 222 N.W.2d 362 (Neb.1978). *Prettyman, supra,* 222 N.W.2d at 365, however, states that the "may" in question "is clearly permissive, not mandatory."