**STATE of Tennessee ex rel. Floyd BRAD-FORD, Dorothy Correri, Charles Outland, and Landford Corporation, Appellants,**

v.

**Fate THOMAS, Sheriff of Davidson County, Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 10, 1983.

On Petition to Rehear April 6, 1983.

Permission to Appeal Denied by Supreme Court July 5, 1983.

Charles R. Ray, Nashville, for appellants.

William M. Leech, Jr., Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Nashville, for appellee.

OPINION

DWYER, Judge.

From the dismissal of their petition for writ of habeas corpus contesting the Gover-

nor's rendition warrant for their extradition to the State of Georgia, the appellants complain, with issue, that there was no evidentiary hearing.

The issue: The appellants contend that, despite our Governor's issuance of the rendition warrants, the Georgia requisition warrants and accompanying indictment do not on their face establish the probable cause required by the Fourth Amendment in regards to the elements of T.C.A. § 40–9–112 (1982) (formerly T.C.A. § 40–1012), or in the alternative, T.C.A. § 40–9–113 (1982) (formerly T.C.A. § 40–1013). Specifically, the appellants argue, first, that it is conceded that neither of the appellants was in Georgia at the time of the crime, and second, that the indictment accompanying the requisition warrants states that the petitioners were in Georgia when they caused the obscene material to be shown and fails to allege that they committed any act in Tennessee which resulted in a crime in Georgia.

The three requisition warrants from the Governor of Georgia are accompanied by three certified copies of the indictment returned by the Chatham County Grand Jury in the State of Georgia. The indictment accuses the petitioners with distributing obscene materials in the State of Georgia. The requisition warrants aver that the petitioners' acts in Tennessee resulted in the commission of a crime in Georgia. The rendition warrants of our Governor issued on May 17, 1982, for the arrest of the petitioners.

In *State ex rel. Jones v. Gann,* 584 S.W.2d 235, 237 (Tenn.Cr.App.1979), our Presiding Judge Mark A. Walker had this to say concerning the extent of the asylum state court's inquiry into the finding of probable cause:

"A governor's grant of extradition is prima facie evidence that the requirements fixed by the Constitution and by statutes have been met. *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978)."

Further, in *McLaughlin v. State,* 512 S.W.2d 657, 659 (Tenn.Cr.App.1974):

"The courts of the asylum state cannot consider alleged defects or insufficiency of the indictment found in the demanding state, but will leave the petitioner to his rights in the courts of such demanding state to test the validity of the accusation against him."

In *Michigan v. Doran, supra,* 439 U.S. at 290, 99 S.Ct. at 536, the court had this to say:

"Under Art. IV, § 2, the courts of the asylum state are bound to accept the demanding state's judicial determination since the proceedings of the demanding state are clothed with the traditional presumption of regularity. In short, when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination.

. . . . .

"We hold that once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state."

Although it is clear from the above quotations that the sufficiency of the indictments is not open to inquiry after the rendition warrant has been issued, the courts of the asylum state may, in a habeas corpus hearing, consider whether the petitioners are fugitives. *McLaughlin v. State, supra,* at 660. In the instant case, however, the requisition warrant specifically states that the appellants committed acts in Tennessee which resulted in the showing of the obscene films in Georgia. We hold that this is sufficient to bring the warrant within the bounds of T.C.A. § 40–9–113 (1982) (formerly T.C.A. § 40–1013). In *Earhart v. Hicks,* an unpublished opinion of this court released February 1, 1983, at Nashville, Judge Daughtrey, speaking for the Court, affirmed the dismissal of a rendition warrant:

"Because the requisition papers were *totally devoid* of any documentation to support extradition under T.C.A. .§ 40–1013...." (Emphasis added.)

In that opinion, the fruits of Judge Daughtrey's research reveal that the majority of the states follow a liberal rule and prefer not to thwart an extradition on technical grounds. The Court noted:

"The more relaxed view requires no formal recitation in the charging instrument, but instead permits the governor and the courts of the asylum state to read the demand, the charge, and all supporting papers together to determine whether the requirements of Section 6 [of the Uniform Criminal Extradition Act [1]] have been met...."

We adopt that reasoning and distinguish the facts of the instant case from those controlling *Earhart v. Hicks, supra.*

Summed up, the trial court did not err in dismissing the petition. The issue overruled, the judgment of the trial court is affirmed.

DUNCAN and BYERS, JJ., concur.

OPINION ON PETITION TO REHEAR

A petition to rehear has been filed. The appellant relates that in reaching our decision we overlooked his citation of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Although we did not refer to Younger in our affirming opinion, we did consider it in light of the appellant's argument. It was not controlling as to the issues before the court. The petition is denied.

---

**1.** Codified as T.C.A. § 40–9–113 (1982) (formerly T.C.A. § 40–1013).