**Joseph YATES, Appellee,**

v.

**A.C. GILLESS, Sheriff, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

May 20, 1992.

No Permission to Appeal Applied for to the Supreme Court.

# 334

Walker Gwinn, Asst. Public Defender, Memphis, for appellee.

Charles W. Burson, Atty. Gen., Jerry L. Smith, Deputy Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., David Henry, Asst. Dist. Atty. Gen., Memphis, for appellant.

## OPINION

TIPTON, Judge.

The state has appealed as of right from the judgment of the Shelby County Criminal Court which issued the petitioner, Joseph Yates, a writ of habeas corpus, dismissed the Tennessee governor's rendition warrant to deliver the petitioner to Mississippi to face a pending charge, and granted the petitioner release from custody. The state contends that the trial court erred in its rulings and exceeded its authority relative to reviewing the petitioner's extradition to Mississippi. We agree.

The petitioner was arrested on December 2, 1988, on a fugitive from justice warrant, see T.C.A. § 40–9–103, relative to an allegation that he committed a robbery in DeSoto County, Mississippi. He refused to waive extradition and remained in jail under bond. On March 7, 1989, the Shelby County District Attorney General obtained the dismissal of the fugitive warrant, apparently because no formal extradition process had been started by Mississippi.

The petitioner remained in jail, though, because he was charged with Tennessee offenses. In April, 1989, Mississippi sought the petitioner's extradition and on May 4, 1989, the governor of Tennessee issued a rendition warrant to all civil officers in Tennessee to arrest the petitioner and deliver him to the state of Mississippi.

The governor's warrant was received by the Shelby County Sheriff's Department on May 9, 1989, but the deputy involved with extradition simply placed the warrant in the petitioner's file and placed a detainer against him. No effort was made to notify the petitioner of the warrant. Apparently, the petitioner was sentenced on the Tennessee charges on January 23, 1990, and transferred to the penal farm to serve the remainder of his sentence. The deputy testified that the governor's warrant was then used as a detainer at the penal farm.

On May 7, 1991, the deputy served the governor's warrant upon the petitioner after he was paroled from the Tennessee sentence. The deputy testified that he did not serve the warrant earlier because he did not believe he could serve "out-of-state papers on a man that is in custody on a local case." He said that he did not normally advise a detainee that a detainer from another state had been lodged. There was no evidence that the petitioner had ever been notified of the detainer or of the governor's warrant before it was served upon him.

The petitioner testified that after the fugitive warrant was dismissed he was unaware of any detainer or governor's warrant until he was paroled in Tennessee on May 1, 1991, but was not released. He said that if he had known about the detainer, he would have sought a speedy trial in Mississippi, obtained an attorney to proceed with the case, and sought to have any time served concurrently. The petitioner explained his frustrations as follows:

> [A]fter awhile of waiting and doing my time on that case, making plans of losing my family, my wife, my kids and respect of my other family members out of all this, working in the kitchen, getting my GED, going to college and getting my life straight, only to get to the front door and be told that I got a hold on me.

The trial court found that the petitioner had been prejudiced by the lack of timely notice which, if given, would have allowed the petitioner to take steps to preserve evidence, prepare his defense and address the matter in timely fashion.

■ Regardless of the merit of its findings, the trial court was without authority to grant the petitioner the relief sought. The Extradition Clause contained in Article IV, § 2 of the United States Constitution provides as follows:

> A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another

state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime.

Under the Extradition Clause and Tennessee extradition laws, it is exclusively the function of the governor to cause the arrest of and delivery of a person to another state for prosecution upon the demanding state's executive authority making a proper demand. *State ex rel. Wiley v. Waggoner,* 508 S.W.2d 535 (Tenn.1973); T.C.A. § 40–9–109. In this case, the record reflects that Mississippi made a proper demand and the governor of Tennessee issued a proper rendition warrant thereon.

■ The problem stems from the Shelby County sheriff's deputy failing to comply with the governor's warrant requirements because of his mistaken belief that the warrant was not effective while the petitioner was being prosecuted in Tennessee. In this regard, even if the petitioner's criminal charges were pending in Tennessee, it was solely within the governor's discretion to opt to deliver him to Mississippi immediately or to delay delivery until after the Tennessee charges were resolved. T.C.A. § 40–9–115. In this case, the governor's warrant commands the arrest and delivery of the petitioner to the DeSoto County, Mississippi, sheriff and provides no time conditions thereon other than allowing the petitioner the right to seek habeas corpus relief pursuant to T.C.A. § 40–9–119. Absent proof in the record that the governor modified the warrant's directives, the Shelby County Sheriff's Department was not authorized to delay the warrant's execution.

■ However, even with the unauthorized delay, the petitioner is not entitled to relief in the Tennessee courts relative to any claimed prejudice he expects to incur in the Mississippi prosecution. Judicial review in the asylum state of a governor's extradition action is limited to the following issues:

(1) Whether the extradition documents are in order on their face;

(2) Whether the petitioner has been charged with a crime in the demanding state;

(3) Whether the petitioner is the person named in the request for extradition; and

(4) Whether the petitioner is a fugitive. *Michigan v. Doran,* 439 U.S. 282, 288, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978); *de la Beckwith v. Evatt,* 819 S.W.2d 453, 456 (Tenn.Crim.App.1991). It was not the trial court's function to consider the merit of any defense which may be raised by the petitioner in Mississippi. In this case, the trial court's findings related to whether or not the delay in the petitioner's trial prejudiced him—a determination which involves both speedy trial and due process rights. Yet, as this Court stated in *de la Beckwith,* these issues are not the concern of a court in Tennessee, the asylum state, but should be addressed in Mississippi. 819 S.W.2d at 458.

In looking to the extradition documents, we note that the governor's warrant contains no time limit on its authority nor does the record reflect that it was recalled by the governor. *See* T.C.A. § 40–9–117. Further, our extradition laws contain no time limit relating to when a governor's warrant may be executed. We will not declare one judicially.

■ We note that Title 18 U.S.C. § 3182, dealing with extradition of fugitives among the various states, districts and territories of our nation, provides that if the demanding state's agent does not appear to accept delivery "within thirty days from the time of the arrest, the prisoner may be discharged." Even though no such provision exists in the Tennessee statutes, we are bound by federal law regarding interstate extradition. *See Smith v. Idaho,* 373 F.2d 149, 154 (9th Cir.1967); *United States ex rel. McCline v. Meyering,* 75 F.2d 716, 717 (7th Cir.1934); *Day v. Keim,* 2 F.2d 966, 967 (4th Cir.1924).

■ However, the "arrest" referred to in the federal statute is one that arises pursuant to the governor's warrant. *See Bergen v. Carson,* 417 So.2d 1081, 1082 (Fla.1982); *Bolton v. Timmerman,* 233

S.C. 429, 105 S.E.2d 518, 520 (1958).[1] The record in this case reflects that the governor's warrant was not served upon the petitioner until May 7, 1991, and that his "arrest" upon the warrant did not occur until he was paroled on May 1, 1991. The purpose of the thirty-day provision in Title 18 U.S.C. § 3182 is to prevent indefinite incarceration of a prisoner in an asylum state by virtue of the governor's warrant. *State v. Paskowski*, 647 S.W.2d 238, 240 (Tenn.Crim.App.1983). Since the petitioner's incarceration resulting from the governor's warrant began on May 1, 1991, the federal time provision was inapplicable before that date.[2] Also, the thirty-day time period is tolled during such time that the delivery is delayed by the prisoner, such as, by his seeking habeas corpus relief. *State v. Paskowski, supra.* The record reflects that on May 8, 1991, the petitioner made known his desire to test the legality of his arrest which he has done by this case. Since the thirty days has not run, the petitioner is not entitled to consideration of the availability of any relief under the federal statute.

Therefore, the petitioner was not entitled to habeas corpus relief from the governor's rendition warrant requiring his arrest and delivery to Mississippi to face pending charges. The judgment of the trial court is reversed and the case is dismissed.

JONES and SUMMERS, JJ., concur.

---

**1.** In *Godsey v. Houston*, 584 S.2d 389 (Miss. 1991), the Court stated that the thirty days runs from the time the rendition warrant was issued, but it cited only *Bergen* and *Bolton* in support. *Bergen* and *Bolton* clearly looked to the *arrest* on the warrant as the trigger, not the warrant's issuance.

**2.** The record does not reflect what, if any, effect the governor's warrant, as a detainer, had upon the petitioner's incarceration before May 1, 1991. Therefore, we do not need to resolve whether or not the detainer operated as an arrest before May 1, 1991.