FILED

October 4, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY 1995 SESSION

EDWARD RABIE,                    *     C.C.A. # 01C01-9310-CR-00341

        Appellant,              *     DAVIDSON COUNTY

VS.                              *     Hon. Seth W. Norman, Judge

HANK HILLIN, SHERIFF,      *     (Habeas Corpus)

        Appellee.               *


For Appellant:                        For Appellee:

Patrick T. McNally, Attorney          Charles W. Burson
Hollins, Wagster &                    Attorney General
    Yarbrough, P.C.
424 Church Street 22nd Floor          Michael E. Moore
Third National Financial Center       Solicitor General
Nashville, TN  37219
                                      Jerry L. Smith
Geoffrey Coston, Attorney             Deputy Attorney General
2813 West End Ave.                    500 Charlotte Avenue
Nashville, TN  37203                  Nashville, TN  37243-0497
(at trial court)
                                      Jon Seaborg
                                      Asst. Dist. Attorney General
                                      102 Metropolitan Courthouse
                                      Nashville, TN  37201


OPINION FILED:_____


AFFIRMED


GARY R. WADE, JUDGE

The petitioner, Edward Rabie, appeals from the trial Court's denial of his petition for writ of habeas corpus. The single issue presented for review is whether the extradition documents were legally sufficient to authorize the governor of this state to detain and return the petitioner to Kentucky.

We affirm the judgment of the trial court.

The petitioner had been indicted in Kentucky on several counts of securities fraud related to his operation of a health corporation. On January 15, 1993, the petitioner was arrested in this state on a rendition warrant issued by the governor of Tennessee for extradition to Kentucky. Seven days later, the petitioner filed a petition for writ of habeas corpus in Davidson County alleging that he had been unlawfully taken into custody.

The case was transferred to the Criminal Court and after reviewing the pleadings, briefs, and trial exhibits, the trial judge denied the petition. The petitioner filed a motion for a new trial, was denied relief, and then gave notice of appeal. Later, the state filed a motion to consider post-judgment facts and to dismiss the appeal based upon Kentucky having recalled its previous requisition and having submitted a second extradition warrant. Based on that, this court remanded this cause to the trial court for the limited purpose of reviewing its original denial of the writ in view of the new extradition documents. See Tenn. Code Ann. § 40-9-

2

117 (providing that the governor may "issue another warrant whenever he deems proper").  The trial court made these findings:

> [T]he extradition documents issued by the Governor of Kentucky and the Governor of Tennessee are proper on their face and require extradition of the Petitioner to Kentucky under T.C.A. § 40-9-112 for his acts inside Kentucky and under T.C.A. § 40-9-113 for his acts outside Kentucky that resulted in crimes inside Kentucky.

In his appeal of that order, the petitioner argues that the documents failed to establish either of the two prerequisites for extradition: (1) that he committed the offense while in Kentucky; or (2) that he performed acts while in another state (presumably in New York) which caused the commission of crimes in Kentucky.

The authority to extradite originates in the federal constitution:

> A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime.

U.S. Const., art. IV, § 2.  In 1951, Tennessee adopted the Uniform Criminal Extradition Act.  See Tenn. Code Ann. § 40-9-101 thru -130.  Pursuant to that act, "it is the duty of the governor of this state to have arrested and delivered up to the executive authority of any other state any person charged in that state with treason, felony or other crime, who has fled from justice and is found in this state."  Tenn. Code Ann. § 40-9-109; see also Yates v. Gillese, 841 S.W.2d 332, 335 (Tenn. Crim. App. 1992).

3

The demand from another state, however, may only be honored by the governor of Tennessee when (1) it is in writing; (2) authenticated by the executive authority making the demand; and (3) in compliance with the requirements of § 40-9-112. Tenn. Code Ann. §§ 40-9-110 and -112; see also Earhart v. Hicks, 656 S.W.2d 873, 876 (Tenn. Crim. App. 1983). Tenn. Code Ann. § 40-9-112 governs those cases in which the accused was present in the demanding state at the time of the offense; it provides as follows:

> **Allegations required in demand for extradition.**-- A warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that:
> (1) Except in cases arising under § 40-9-113, the accused was present in the demanding state at the time of the commission of the alleged crime, and thereafter fled from the state;
> (2) The accused is now in this state; and
> (3) He is lawfully charged by indictment found or by information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of a crime in that state and has escaped from confinement or broken his parole.

When the accused is not actually in the demanding state at the time of the offense, but rather committed acts in another state which resulted in a crime in the demanding state, Tenn. Code Ann. § 40-9-113 applies; that section provides as follows:

> **Acts resulting in crime in state in which accused is not present.**-- The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in § 40-9-112 with committing an act in this state, or in a third

4

state, intentionally resulting in a crime in the state whose executive authority is making the demand.  The provisions of this chapter not otherwise inconsistent shall apply to such cases, notwithstanding that the accused was not in that state at the time of the commission of the crime, and has not fled therefrom.

Extradition proceedings are summary in nature and are designed only to test whether the rendition warrant is valid. E.g., de la Beckwith v. Evatt, 819 S.W.2d 453, 456-57 (Tenn. Crim. App. 1991). This state's authority to review the propriety of the transfer to the demanding state is limited to the following issues:

> (1) whether the extradition documents are in order on their face;
>
> (2) whether the petitioner has been charged with a crime in the demanding state;
>
> (3) whether the petitioner is the person named in the request for the extradition; and
>
> (4) whether the petitioner is a fugitive.

Sneed v. State, 872 S.W.2d 930, 934 (Tenn. Crim. App. 1993) (quoting de la Beckwith v. Evatt, 819 S.W.2d at 456); see also Michigan v. Doran, 439 U.S. 282 (1978). Here, the petitioner's only claim is that the extradition documents are facially invalid.

The state initially argued for a dismissal on the basis that this court should not take any action because the petitioner had requested a hearing before the governor. The state claimed that Tenn. Code Ann. § 40-9-108(b) did not provide this court with any authority to act until the governor acted on the request. The state has asked us to consider the hearing request as a post-judgment fact. Tenn. R. App. P. 14. A supporting affidavit and a copy of the letter requesting the hearing have been provided. In response, the petitioner filed his own motion alleging that he had withdrawn his request for a hearing before the governor. Afterward, the state confirmed that the petitioner had, in

6

fact, withdrawn his request for the hearing.  In consequence, whether the petitioner's request for a governor's hearing precludes the exercise of jurisdiction by this court is no longer at issue.

We now turn to the merits of the petition.  The purpose of our statutory scheme is to require the state to establish a sufficient basis for extradition.  <u>Earhart v. Hicks</u>, 656 S.W.2d at 876.  Here, all of the amended documents, whether initiated in Kentucky or Tennessee, describe the petitioner as a fugitive from justice in Kentucky.  The documents include allegations that the petitioner, who resided in New York but had flown to Tennessee for business, was in both Kentucky and another state during the times the crimes were committed.  Those allegations are sufficient on their face.  Whether or not the Kentucky indictments meet the requirements of law or whether the petitioner is actually guilty of the offenses are not appropriate questions for our review.  <u>See</u> <u>State ex rel Bradford v. Thomas</u>, 653 S.W.2d 755, 756 (Tenn. Crim. App. 1983); Tenn. Code Ann. § 40-9-114.  The extradition process does not deprive the petitioner of any possible defense.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:

7

_____
John H. Peay, Judge


_____
William S. Russell, Special Judge