IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 17, 2002

## ROBERT SPOONER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 12613      Robert Holloway, Judge**

---

**No. M2001-02356-CCA-R3-CO - Filed September 27, 2002**

---

Robert Spooner appeals from the Wayne County Circuit Court's denial of his petition for the writ of *habeas corpus*. The petition was filed in an effort to avoid Spooner's extradition to the state of Alabama, where he is charged with having violated his probation on a conviction of receiving stolen property. Because the lower court properly denied the petition, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

William L. Eledge, Lawrenceburg, Tennessee, for the Appellant, Robert Spooner.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and J. Douglas Dicus, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

It appears from the record that Robert Spooner was convicted of receiving stolen property in Alabama. The offense occurred on August 26, 1995, and Spooner pleaded guilty to the charge on March 4, 1996. He was afforded a partially probated sentence, and at some point thereafter, he was charged with violating the terms of his probation. At some point which is not identified in the record, Spooner came to Tennessee. The governor of Alabama requested that Tennessee authorities arrest Spooner and extradite him to Alabama to face the probation violation charge. Governor Sundquist signed a rendition warrant, and Spooner was arrested by Tennessee authorities. Spooner declined to waive extradition and instead filed a petition for the writ of *habeas corpus* alleging (1) that he was not present in Alabama on August 26, 1995, the date of the crime to which he had pleaded guilty and had been convicted, and (2) that the rendition warrant was not facially in order because it did not specify the act that he was alleged to have committed which constituted a violation of his Alabama probation.

The Wayne County Circuit Court held a hearing on the petition. The petitioner testified that he did not know the basis for the probation violation charge. His counsel argued that the extradition documents upon which the petitioner was being held were not sufficient on their face in the absence of factual specifics relative to the alleged probation violation. The state argued that the only relevant inquiry for the Tennessee courts was whether the petitioner was charged with a crime in Alabama, not the underlying basis for the charge. The petitioner also alleged that he could not have been in Alabama on August 26, 1995, the date of the offense for which he was on probation, because he had been incarcerated in Georgia on that date. The court, however, ruled as a matter of law that any inquiry into the validity of the underlying conviction for which the petitioner was now charged with a probation violation was beyond the permissible scope of its inquiry. Therefore, the court declined to hear evidence on this issue.

After considering the proof and arguments of counsel, the court denied the petition for writ of *habeas corpus*, ordered extradition, and granted a stay of extradition pending appeal.

Spooner then filed his appeal to this court. Before the case was heard, he filed a "Motion to Consider Post Judgment Facts Pursuant to T.R.A.P. Rule 14 and to Add Documents to the Appellate Record P[ur]suant to T.R.A.P. Rule 24(g)." This motion was essentially an attempt to supplement the appellate record with documents which Spooner contended proved his claim that he was incarcerated in Georgia on the date of the underlying offense. This court denied that motion. Thereafter, the parties filed their briefs, and the case was assigned to this panel for disposition.

The petitioner raises three issues on appeal. The first two mirror those he raised at the hearing, and the third is whether he has received ineffective assistance of counsel in light of this court's denial of his motion to supplement the record. For the reasons that follow, we hold that the lower court properly denied the petition and that the issue of effective assistance of counsel is not properly before us.

## I - Extradition and Petition for Writ of *Habeas Corpus*

Spooner sought to avoid extradition to Alabama by filing a petition for the writ of *habeas corpus*. The law is that once the governor has granted extradition, the court in the state where the petitioner is found, the "asylum state," is limited to the following inquiry when passing on whether the petitioner should be released on *habeas corpus*:

(a)     whether the extradition documents on their face are in order;
(b)     whether the petitioner has been charged with a crime in the demanding state;
(c)     whether the petitioner is the person named in the request for extradition; and
(d)     whether the petitioner is a fugitive.

*Michigan v. Doran*, 439 U.S. 282, 289, 99 S. Ct. 530, 535 (1978).

Spooner first attempts to challenge the lower court's denial of *habeas corpus* relief implicate categories (a) and (b) of the *Doran* inquiry. *See id.* He claims that the extradition documents in his case are not in order on their face and that they do not charge a crime because the documents do not set forth a factual predicate for the alleged probation violation. However, in *Doran*, the Court held that "once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." *Id.* at 290, 99 S. Ct. at 536; *see State ex rel. Bradford v. Thomas*, 653 S.W.2d 755, 756 (Tenn. Crim. App. 1983).

The record before us reveals that the governor of Alabama certified to the governor of Tennessee in his Request for Interstate Rendition that "Robert Spooner stands convicted of the crime(s) of receiving stolen property and thereafter violated the terms of his probation which I certify to be a crime(s) under the Laws of this State . . . ." Thereafter, Governor Sundquist issued a rendition warrant. In other words, Governor Sundquist acted upon the requisition based upon the Alabama governor's certification that the petitioner had committed a crime in Alabama. In accord with *Doran*, no further judicial inquiry into the underlying facts is in order by Tennessee courts. *Id.*, 99 S. Ct. at 536; *see Bradford*, 653 S.W.2d at 756 (rendition warrant signed by governor constitutes *prima facie evidence* that constitutional and statutory requirements have been met). Thus, the petitioner is not entitled to *habeas corpus* relief on these grounds.

Spooner's next challenge relates to his claim that he was not present in Alabama on the date of the underlying offense for which he is now facing probation revocation proceedings. This falls into category (d) of *Doran*, focusing on whether the petitioner is a fugitive. *See Doran*, 429 U.S. at 289, 99 S. Ct. at 535. In order to be a fugitive, the defendant must have been actually and not merely constructively present at the time of the offense in the state demanding extradition. *Earhart v. Hicks*, 656 S.W.2d 873, 875 (Tenn. Crim. App. 1983); *see* Tenn. Code Ann. § 40-9-112 (1997). *But cf.* Tenn. Code Ann. § 40-9-113 (1997) (extradition may be had upon showing that individual charged committed crime outside the demanding state but which act resulted in a crime in the demanding state). Thus, Spooner bases his challenge on the general rule that the accused must have been present in the demanding state at the time the offense was committed. *See Earhart*, 656 S.W.2d at 875.

Spooner's claim must fail. He seeks *habeas corpus* relief on the basis of his alleged non-presence in Alabama on the date of the offense of receiving stolen property, even though the charge for which extradition is sought is a subsequent probation violation. Thus, the relevant date for him to have been present in Alabama is the date upon which he is alleged to have violated probation, not the date upon which he committed the underlying offense. In any event, the Alabama governor's Request for Interstate Rendition recites that Spooner committed the probation violation in St. Clair County, Alabama, and the petitioner has offered no proof to the contrary. The lower court correctly rejected this claim as a basis for *habeas corpus* relief.

## II - Effective Assistance of Counsel

Finally, in an issue first presented in Spooner's reply brief in this court, he claims that he has received ineffective assistance of counsel because documents demonstrating his absence from the state of Alabama on August 26, 1995 were never introduced into the record. We decline to grant relief on this claim for several reasons.

First of all, it is a generally accepted rule that this court will not pass on questions of ineffective assistance of counsel which are presented for the first time on appeal. *See State v. Ladonte Montez Smith*, No. M1997-00087-CCA-R3-CD, slip op. at 35-36 (Tenn. Crim. App., Nashville, Dec. 17, 1999), *perm. app. denied* (Tenn. 2000); Tenn. R. App. P. 36(a) ("relief may not be granted in contravention of the province of the trier of fact").

Second, a *habeas corpus* proceeding is not the proper forum in which to challenge the effective assistance of counsel. *See Earl E. Collier v. Charles Jones*, No. 03C01-9710-CR-00464 (Tenn. Crim. App., Knoxville, Aug. 14, 1998), *perm. app. denied* (Tenn. 1999).

Third, for the reasons discussed in section I. above, proof of Spooner's whereabouts on August 26, 1995 is irrelevant for purposes of this action. Thus, counsel's failure to have documents relative to Spooner's whereabouts on the date he was convicted of committing the crime of receiving stolen property cannot be said to have been deficient performance which had an adverse effect on the outcome of this *habeas corpus* case. *See generally Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975).

For these reasons, we conclude that the lower court properly denied the petition for the writ of *habeas corpus*. The order denying the petition and granting extradition is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-