# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 15, 2012

## ALBERTO EDDIE DELEON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 281742     Don W. Poole, Judge**

**No. E2011-02645-CCA-R3-HC - Filed October 16, 2012**

On appeal, the petitioner, Alberto Eddie Deleon, contests the Hamilton County Criminal Court's denial of his petition for a writ of habeas corpus, asserting that he was incarcerated for an excessive time span prior to instigation of extradition proceedings. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Ardena J. Garth and Richard Kenneth Mabee (on appeal), and Erinn Rene O'Leary (at trial), Chattanooga, Tennessee, for the appellant, Alberto Eddie Deleon.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; William H. Cox, III, District Attorney General; and Cameron Williams, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. Factual Background

The record before us reveals that on April 5, 2011, a warrant was issued against the petitioner in Gordon County, Georgia, charging him with aggravated assault. Thereafter, on April 10, 2011, the petitioner was arrested in Chattanooga by the Tennessee Highway Patrol (THP) for leaving the scene of an accident, and he was taken to the Hamilton County Jail. The THP officer also issued the petitioner a citation, which provided that the petitioner "was involved in a hit and run" and that he "was wanted in connection with a stabbing and carjacking in [Georgia]." On May 26, 2011, the charge of leaving the scene of an accident

was dismissed. However, the petitioner remained incarcerated pursuant to a fugitive warrant that was issued the same day; the fugitive warrant noted that "Georgia will extradite."[1]

Subsequently, on September 15, 2011, the Tennessee Department of Correction received a requisition letter from the Governor of Georgia asking for the petitioner's extradition based upon the April 5, 2011 aggravated assault arrest warrant. On September 29, 2011, the Governor of Tennessee issued a governor's warrant allowing the extradition of the petitioner to Georgia. The fugitive warrant was dismissed on October 10, 2011; however, the petitioner remained in custody pursuant to the governor's warrant.

On October 18, 2011, the petitioner filed a petition for habeas corpus relief, which was amended on October 31, 2011. The petitioner alleged that the State of Tennessee failed to properly follow the procedures outlined in the Uniform Criminal Extradition Act. The petitioner's complaint centered on the length of his detention on the fugitive warrant prior to the issuance of the governor's warrant. Specifically, citing title 18, section 3182 of the United States Code, the petitioner maintained that Georgia, as the demanding state, had thirty days from the issuance of the fugitive warrant to secure a governor's warrant from Tennessee, the asylum state. The petitioner acknowledged that because of the difficulty of complying with the thirty-day time frame, title 18, section 3188 of the United States Code provides for the possibility of recommittment of the prisoner for up to sixty days. The petitioner maintained that because the governor's warrant was not sought and signed within "the 90-day limit," the petitioner was "illegally detained on this matter for an extended period of time."

At the hearing on the petition, the petitioner again maintained that he was entitled to discharge and release because the governor's warrant was not obtained within ninety days of the issuance of the fugitive warrant. In response, the State argued that the thirty-day period in title 18, section 3182 of the United States Code began to run from the date the governor's warrant was issued. The habeas corpus court found that "the scope of judicial review of a governor's grant of extradition is limited[,] and the timeliness of a rendition warrant does not affect its validity." The court held that the petitioner had failed to state a claim upon which habeas corpus relief could be granted and denied the petition. The petitioner timely filed a notice of appeal.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a

---

[1] In his petition, the petitioner states that he "repeatedly refused to waive extradition under" the fugitive warrant.

question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101.

## A. Procedural Compliance

The State argues that the petitioner failed to comply with the procedures mandated by Tennessee Code Annotated section 29-21-107 for filing a habeas corpus petition. Therefore, the petition should be dismissed. Generally, "the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993).

Despite the petitioner's failure to comply with the mandatory requirements for a habeas corpus petition, the habeas corpus court did not dismiss the petition for procedural noncompliance; instead, the habeas corpus court addressed the petition on the merits. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required. The habeas corpus court may . . . choose to adjudicate the petition on its merits." Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004) (footnote omitted) (citing Tenn. Code Ann. § 29-21-109). Therefore, this court will address the merits of the petitioner's complaints.

## B. Constitutionality of Extradition Statute

The petitioner contends that Tennessee Code Annotated section 40-9-105, a part of Tennessee's Uniform Criminal Extradition Act, is unconstitutional for vagueness. Specifically, the petitioner questions the constitutionality of the statute because it fails to provide a time limit for instituting extradition procedures. The statute in question provides:

> If, from the examination before the judge or magistrate, it appears that the person held is the person charged with having committed the crime alleged and that the person probably

committed the crime, and, except in cases arising under § 40-9-113, that the person has fled from justice, the judge or magistrate must commit the person to jail by a warrant reciting the accusation for a time specified in the warrant as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused gives bail as provided in § 40-9-106, or until the accused is legally discharged.

Tenn. Code Ann. § 40-9-105; cf. 18 U.S.C. § 3182 (providing that a prisoner may be discharged from custody in the asylum state if an agent of the demanding state does not appear to claim the prisoner within thirty days of the prisoner's arrest). However, the petitioner did not raise this issue in his petition or at the hearing. We will not address issues raised for the first time on appeal. State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996); State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995).

### C. Extradition

The petitioner argues that he should have been discharged by this state, the asylum state, because he was not granted bail while awaiting extradition and because he was not extradited within thirty days of his arrest.

The Extradition Clause of the United States Constitution provides:

A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime.

U.S. Const. art. IV, § 2, cl. 2; see also State ex rel. Wiley v. Waggoner, 508 S.W.2d 535, 536 (Tenn. 1973). "The Extradition Clause has been implemented by a federal statute, 18 U.S.C. § 3182, and by the Uniform Criminal Extradition Act." Johns v. Bowlen, 942 S.W.2d 544, 547 (Tenn. Crim. App. 1996). Where adopted, the Uniform Criminal Extradition Act, along with federal law, governs state extradition proceedings. Id. Tennessee has adopted the Act, and it is codified in Tennessee Code Annotated sections 40-9-101 to -130. See id.

Title 18, section 3182 of the United States Code provides:

Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. *If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged*.

(Emphasis added). This court has recognized that "[e]ven though no such [timing] provision exists in the Tennessee statutes, we are bound by federal law regarding interstate extradition." Yates v. Gilless, 841 S.W.2d 332, 335 (Tenn. Crim. App. 1992).

The purpose of extradition "is to allow the demanding state to retrieve violators of its laws who are found in the asylum state." State v. Paskowski, 647 S.W.2d 238, 240 (Tenn. Crim. App. 1983). To this end, courts have liberally construed extradition statutes, such as title 18, section 3182 of the United States Code. Id. This court has recognized that "the purpose of 18 U.S.C. § 3182[] is to prevent indefinite incarceration of a prisoner in an asylum state." Id.; see also Yates, 841 S.W.2d at 336. Regardless, "the 'arrest' referred to in the federal statute is one that arises pursuant to the governor's warrant." Yates, 841 S.W.2d at 335. In the instant case, the governor's warrant was issued on September 29, 2011. On October 18, 2011, before extradition could be carried out, the petitioner filed for habeas corpus relief, thereby tolling the thirty-day period for delivering the petitioner to the demanding state. Id. at 336; see also Paskowski, 647 S.W.2d at 240. Accordingly, the petitioner is not entitled to relief under title 18, section 3182 of the United States Code. Id. at 336.

Turning to the petitioner's claim that he was denied bail, we note that Tennessee Code Annotated section 40-9-106 provides:

Unless the offense with which the prisoner is charged is shown to be an offense punishable by death or life imprisonment

-5-

under the laws of the state in which it was committed, the judge or magistrate must admit the person arrested to bail by bond or undertaking, with sufficient sureties, and in any sum that the judge or magistrate deems proper, for the person's appearance before the judge or magistrate at a time specified in the bond or undertaking, and for the person's surrender, to be arrested upon the warrant of the governor of this state.

Cf. de la Beckwith v. Evatt, 819 S.W.2d 453, 456 (Tenn. Crim. App. 1991) ("Our statutes authorize bail after the accused's arrest on the fugitive warrant, but not after the issuance of the governor's warrant."). Although the petitioner claimed in his "Addendum to Motion for Writ of Habeas Corpus" that he was not granted bail, the petitioner did not argue this issue before the habeas corpus court. Nevertheless, after the issuance of a governor's warrant habeas corpus review is generally limited to:

> (a) whether the extradition documents on their face are in order;
>
> (b) whether the petitioner has been charged with a crime in the demanding state;
>
> (c) whether the petitioner is the person named in the request for extradition; and
>
> (d) whether the petitioner is a fugitive.

Michigan v. Doran, 439 U.S. 282, 288 (1978); see also State ex rel. Sneed v. Long, 871 S.W.2d 148, 150-51 (Tenn. 1994). We conclude that the petition did not allege any of these four factors. Therefore, the petitioner was not entitled to habeas corpus relief on this issue.

### III.  Conclusion

In sum, we conclude that the petitioner's challenge to the constitutionality of the extradition statute was waived by the petitioner's failure to raise it in the lower court. Further, we conclude that the petitioner is not entitled to relief based upon the State's failure to grant bail or the length of time transpiring between the issuance of the governor's warrant and delivery of the petitioner to the demanding state. Therefore, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE

-6-